# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PENLAND, HAYES,[1] and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JARED A. PETTRY**
**United States Army, Appellant**

ARMY 20220396

Headquarters, I Corps
Robert E. Murdough, Military Judge
Colonel John J. Merriam, Staff Judge Advocate (pretrial)
Lieutenant Colonel Cara-Ann M. Hamaguchi, Acting Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Autumn D. Porter, JA; Major Mitchell D. Herniak, JA; Major Patrick J. Cashman, JA (on brief).

For Appellee: Lieutenant Colonel Jacqueline J. DeGaine, JA; Major Chase C. Cleveland, JA; Captain Joshua A. Hartsell, JA (on brief).

10 May 2024

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

Morris, Judge:

Appellant requests this court grant appropriate relief for excessive post-trial delay where 269 days elapsed from adjournment to this court's receipt of appellant's 206-page record of trial. Considering the totality of the circumstances, we agree and grant 15 days of sentencing relief.[2]

------

[1] Judge HAYES decided this case while on active duty.

[2] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit neither discussion nor relief.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas of two specifications of domestic violence in violation of Article 128b, Uniform Code of Military Justice, 10 U.S.C. § 928b [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for 180 days, a reprimand, and reduction in rank to E-1. The convening authority took no action on the findings or sentence.

## LAW AND DISCUSSION

The military judge sentenced appellant on 2 August 2022 and completed the entry of judgment on 27 Sep 2022. The trial counsel completed precertification review on 3 Apr 2023, followed by the military judge's authentication on 11 Apr 2023. The government then forwarded the record to the court without any explanation for the post-trial processing delay. The record was docketed at this court on 28 April 2023, 269 days after adjournment and 213 days after the entry of judgment. The government obtained and requested to attach a post-trial delay memo dated 24 October 2023, but that motion was denied.

This court reviews claims of excessive post-trial delay de novo. *United States v. Anderson*, 82 M.J. 82, 85 (C.A.A.F. 2022) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006)). In accordance with this court's decision in *United States v. Winfield*, we examine post-trial processing using our authorities under Article 66(d)(2) and The Due Process Clause of the Fifth Amendment. 83 M.J. 662, 666 (Army Ct. Crim. App. 2023).

When an appellant shows excessive post-trial processing, this court has the discretion to determine whether relief is appropriate. *See* UCMJ Art. 66(d)(2); *United States v. Rouson*, ARMY 20220319, 2023 CCA LEXIS 508, at *3 (Army Ct. Crim. App. 1 December 2023) (summ. disp.). In determining whether relief is appropriate, this court considers the totality of the circumstances "balancing the interplay between factors such as chronology, complexity, and unavailability, as well as the unit's memorialized justifications for any delay." *Id*. at 4 (citing *United States v. Winfield*, 83 M.J. 662, 666 (Army Ct. Crim. App. 2023).

While we find the delay excessive, we do not find a violation of the Due Process Clause of the Fifth Amendment. In analyzing the factors from *Barker v. Wingo*, 407 U.S. 514 (1972), the first two, length of delay and reasons for delay, weigh in favor of appellant, because of the length of time and relative short length of the record transcript, coupled with the lack of any explanation from the government. Though this case was docketed one day after *Winfield* was published, even under the former 150-day standard in *Brown*, staff judge advocates were "advised to explain post-trial processing delays . . . ." *United States v. Brown*, 81 M.J. 507, 511 (Army Ct. Crim. App. 2021).

The third and fourth *Barker* factors, assertion of the speedy post-trial processing right and prejudice, weigh in favor of the government, because appellant failed to assert either his speedy post-trial processing rights or identify any prejudice he suffered. When there is no finding of prejudice under the fourth *Barker* factor, as is the case here, a due process violation only occurs when "in balancing the three other factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Anderson*, 82 M.J. at 87 (citing *United States v. Toohey*, 63 M.J. 353,362 (C.A.A.F. 2006)). Like our superior court found in *Anderson*, "A delay like the one in the present case is not severe enough to taint public perception of the military justice system." *Id.* at 88.

Without a due process violation, we turn to our authority under Article 66(d)(2) to provide appropriate relief if the accused demonstrates error or excessive delay in the processing of the court-martial after the judgment was entered into the record. In *Winfield*, this Court reinforced the requirement to provide an explanation, stating "we will scrutinize even more closely the unit-level explanations for post-trial processing delays." 83 M.J. at 665.

After reviewing the entire record and considering the totality of the circumstances, similar to our decision in *United States v. Bionaz*, the unexplained 188 days between entry of judgment and the trial counsel precertification review was excessive under Article 66(d)(2). ARMY 20220247, 2023 CCA LEXIS 233, (Army Ct. Crim. App. 31 May 2023) (summ. disp.). Accordingly, we find that 15-day reduction to the confinement sentence is appropriate.

## CONCLUSION

On consideration of the entire record, the findings of guilty are AFFIRMED. Given our grant of 15 days of sentence relief for unreasonable post-trial delay, only so much of the sentence as provides for a bad-conduct discharge, confinement for 165 days, reduction to E-1, and a reprimand is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge HAYES concurs.

PENLAND, Senior Judge, concurring:

I fully concur with the ultimate relief in this case but write separately to express my view that the Fifth Amendment's Due Process Clause is an additional basis for it. Even though appellant has not shown prejudice, the government offers no timely explanation for the post-trial delay. This gap in information plainly

conflicts with our decisions requiring the government to explain such dilatory behavior. *See United States v. Grant*, 82 M.J. 814, 819 (Army Ct. Crim. App. 14 November 2022); *United States v. Wagner*, ARMY 20210336, 2022 CCA LEXIS 634, at *8-9 (Army Ct. Crim. App. 21 October 2022) (mem. op.); *United States v. Cooper*, ARMY 20200614, 2022 CCA LEXIS 399, at *3-4 (Army Ct. Crim. App. 7 July 2022) (summ. disp.); *United States v. Winfield*, 83 M.J. 662, (Army Ct. Crim. App. 27 April 2023). The delay and disregard for binding precedent rise to a level of egregiousness such that it would adversely affect the public's perception of the fairness and integrity of the military justice system, violating appellant's right to due process. *United States v. Toohey II*, 63 M.J. 353, 362 (C.A.A.F. 2006).

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court